**Affirmed and Memorandum Opinion filed February 2, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00128-CR

**JAMES IAN MURRAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1254971**

## MEMORANDUM OPINION

Appellant James Ian Murray appeals his conviction for possession of a controlled substance with intent to deliver, claiming he received ineffective assistance of counsel at trial. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offense of possession with intent to deliver a controlled substance. The State also alleged that appellant used and exhibited a deadly weapon, a firearm, in the commission of the offense. Appellant pleaded "not guilty."

At trial, a special agent with the Drug Enforcement Administration testified that agents had information that a cooperating source could purchase methamphetamine at a particular residence from appellant, who was a target of the agent's investigation. Agents organized what is known as a controlled buy, in which the informant, using $500 provided by the agents, purchased narcotics from appellant at the residence; the transaction was conducted at the agents' direction and under the agents' surveillance. Based on information derived from the controlled buy, the agents obtained a search warrant for the residence. Before executing the search warrant on the following day, the agents conducted surveillance of the residence and observed appellant drive away from the residence.

A local police officer, who was working with the agents, conducted a traffic stop of appellant's vehicle and arrested him. The officer told appellant about the search warrant and read appellant *Miranda* warnings. During the traffic stop, appellant told the officer that there was methamphetamine in a box on a table in the living room of the home.

The officer and appellant went to the home, where agents executed the search warrant. Inside a bedroom, agents discovered the following: two plastic bags containing a substance that later tested positive for methamphetamine, a substance that later was confirmed as marijuana, powder, pills, six or seven small digital scales, and a number of unused plastic bags. In the bedroom closet, they found a number of firearms and ammunition. In the living room of the home, agents discovered two plastic bags containing a substance later confirmed to be methamphetamine as well as marijuana and three pills inside a black box on a table. Agents also discovered $1,300 in cash and documents reflecting that appellant lived in the home. The methamphetamine found at the home weighed a total of 17.8 grams. As the agents were executing the search warrant, one agent spoke with appellant about the possibility of cooperating with the

investigation; the agent testified that appellant subsequently decided not to cooperate with the agents.

The jury found appellant guilty as charged. Appellant was sentenced to twenty years' confinement. In two issues, appellant claims he received ineffective assistance of counsel during trial based on his trial counsel's failure to object to testimony about the controlled buy and to statements appellant made during custodial interrogation.

INEFFECTIVE-ASSISTANCE-OF-COUNSEL ANALYSIS

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (West 2005). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 688–92. Moreover, appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In assessing appellant's claims, we apply a strong presumption that trial counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). If there is no hearing or if counsel does not appear at the hearing, an affidavit

3

from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State*, 23 S.W.3d 198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On such a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). There was no motion for new trial filed in this case.

In his first issue, appellant asserts his trial counsel should have objected to testimony from an agent about the unnamed cooperating source who claimed to have purchased narcotics from appellant in the controlled buy. Appellant also complains that his trial counsel elicited similar testimony from a different agent on cross-examination about the out-of-state cooperating source who provided agents with appellant's address, identified appellant from a photograph the agents showed him, and claimed to know appellant as "Jamie." Appellant characterizes this testimony as inadmissible hearsay and extraneous-offense evidence. Appellant also refers to a later point in trial, when the State attempted to elicit more testimony about who sold the narcotics in the controlled buy. The trial court summoned the parties to a bench conference. At the bench conference, the trial court referred to the testimony as hearsay and queried why appellant's trial counsel was not objecting. Appellant's trial counsel acknowledged that he planned to object, that he wanted to hear the testimony first, and that he had a strategic reason for not objecting. Appellant's counsel also stated that he wished to confer with his client; the trial court denied that request.

Appellant did not file a motion for new trial and his trial counsel's reasons for his acts and omissions do not appear in the record; the record is silent as to the rationale

4

behind trial counsel's strategy in not objecting to the testimony and later eliciting similar testimony. *See Lopez v. State*, 343 S.W.3d 137, 143–44 (Tex. Crim. App. 2011). We will not speculate in hindsight as to the reasons for trial counsel's decisions. *See Lopez*, 343 S.W.3d at 143. We presume trial counsel's conduct was motivated by sound trial strategy when reasons for the challenged conduct do not appear in the record. *See Garcia*, 57 S.W.3d at 440. Appellant has failed to rebut the strong presumption that his trial counsel's performance fell within the wide range of reasonably professional assistance. *See Lopez*, 343 S.W.3d at 143–44.

In his second issue, appellant claims that his trial counsel should have objected to testimony regarding appellant's statements made to an agent following appellant's arrest suggesting that appellant refused to cooperate with the investigation. Appellant also asserts his trial counsel improperly elicited testimony that appellant told the arresting officer during the traffic stop that he had methamphetamine in a black box on a table in his living room. The record does not reflect trial counsel's rationale or strategy for not objecting to the agent's testimony or in eliciting the officer's testimony; however, plausible trial strategy may include a plan to appear open and honest with the jury. *See Stroman v. State*, 69 S.W.3d 325, 332 (Tex. App.—Texarkana 2002, pet. ref'd) (overruling objection that trial counsel rendered ineffective assistance by failing to object to an officer's testimony that the accused was not cooperative). Appellant has failed to rebut the strong presumption that his trial counsel exercised reasonable professional judgment in his representation. *See Thompson*, 9 S.W.3d at 814.

Appellant has failed to demonstrate that he received ineffective assistance of counsel. Accordingly, we overrule appellant's two issues.

The trial court's judgment is affirmed.


/s/     Kem Thompson Frost
         Justice


Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).